IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID TARRENCE AND TAMARA GEIS, | ) | 4:16CV3056 |
| | ) | |
| | ) | |
| Plaintiffs, | ) | AMENDED |
| | ) | COMPLAINT AND REQUEST FOR |
| v. | ) | JURY TRIAL |
| | ) | |
| LANCASTER COUNTY, a Political | ) | |
| Subdivision of the State of Nebraska; | ) | |
| CITY OF LINCOLN, a Political | ) | |
| Subdivision of the State of Nebraska: | ) | |
| LINCOLN/LANCASTER COUNTY | ) | |
| NARCOTICS TASK FORCE, | ) | |
| CHRISTOPHER R. PETERSON, | ) | |
| individually and in his official capacity as | ) | |
| Coordinator and Supervisor, | ) | |
| Lincoln/Lancaster County Narcotics | ) | |
| Task Force; ANTHONY GRATZ, | ) | |
| individually and in his official capacity as | ) | |
| an employee of the City of Lincoln and | ) | |
| an Investigator with the | ) | |
| Lincoln/Lancaster County Narcotics | ) | |
| Task Force; CHRISTOPHER MONICO, | ) | |
| individually and in his official capacity as | ) | |
| an employee of the City of Lincoln and | ) | |
| an Investigator with the | ) | |
| Lincoln/Lancaster County Narcotics | ) | |
| Task Force; DAREN REYNOLDS, | ) | |
| individually and in his official capacity as | ) | |
| an employee of the City of Lincoln and a | ) | |
| Sergeant with the Lincoln/Lancaster | ) | |
| County Narcotics Task Force; and | ) | |
| MICHON MORROW, individually and in | ) | |
| his official capacity as an employee of | ) | |
| the City of Lincoln and a police Captain | ) | |
| with the City of Lincoln; | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW the Plaintiffs, David Tarrence and Tamara Geis, by and through

their attorney, and for their causes if actions against Defendants, allege as follows:

## I. JURISDICTION AND VENUE

1.      This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Nebraska Political Subdivision Tort Claims Act; under Neb. Rev. Stat. §13-901 et seq., and under Nebraska common law for intentional and/or negligent infliction of emotional distress, conversion, loss of companionship, negligence, negligent supervision, gross negligence, assault, false imprisonment, false arrest, and civil conspiracy.  The causes of action alleged herein arise from factual allegations occurring in this judicial district.  Claims were filed with the Clerk of Lancaster County, Nebraska, the Clerk of the City of Lincoln with one year of the facts f=giving rise to the allegations in this Complaint, and neither Lancaster County nor the City of Lincoln has acted upon said claims.  As such, all conditions precedent have been met.

2.      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1343(a), and venue is properly set in the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §1391.

## II. PARTIES

3.      The Plaintiff, DAVID TARRENCE, at all times relevant to this Complaint, was a citizen and resident of Lincoln, Lancaster County, Nebraska and the owner of Local Movers, a company he operated in Lincoln, Lancaster County, Nebraska.

4.      The Plaintiff, TAMARA GEIS, at all times relevant to this Complaint, was a citizen and resident of Lincoln, Lancaster County, Nebraska.

5.      The Defendant, LANCASTER COUNTY, was at all times relevant hereto, a

political subdivision of the State of Nebraska, and has Constitutional and statutory authority to hire, train, and supervise the employees who comprise the members of the Lincoln/Lancaster County Narcotics Task Force who are named as Defendants herein.

6.      The Defendant, CITY OF LINCOLN, was at all times relevant hereto, a political subdivision of the State of Nebraska, and has Constitutional and statutory authority to hire, train, and supervise the employees who comprise the members of the Lincoln/Lancaster County Narcotics Task Force who are named as Defendants herein.

7.      The Defendant, LINCOLN/LANCASTER COUNTY NARCOTICS TASK FORCE, CHRISTOPHER R. PETERSON, was at all times relevant hereto acting under color of law in his individual and official capacities as a Captain with the police department of the City of Lincoln, with the responsibility to train and supervise the employees who comprise the members of the Lincoln/Lancaster County Narcotics Task Force who are named as Defendants herein.

8.      The Defendant, ANTHONY GRATZ, was at all times relevant hereto acting under color of law in his individual and official capacities as an Investigator with the police department of the City of Lincoln and the Lincoln/Lancaster County Narcotics Task Force.

9.      The Defendant, CHRISTOPHER MONICO, was at all times relevant hereto acting under color of law in his individual and official capacities as an Investigator with the police department of the City of Lincoln and the Lincoln/Lancaster County Narcotics Task Force.

10.      The Defendant, MICHON MORROW, was at all times relevant hereto acting under color of law in her individual and official capacities as a Captain and Duty

Commander with the police department of the City of Lincoln and the Lincoln/Lancaster County Narcotics Task Force, with the responsibility to train and supervise the employees who comprise the members of the Lincoln/Lancaster County Narcotics Task Force who are named as Defendants herein.

### III.  FACTS

11.     This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Nebraska Political Subdivision Tort Claims Act; under Neb. Rev. Stat. §13-901 et seq., and under Nebraska common law for intentional and/or negligent infliction of emotional distress, conversion, loss of companionship, negligence, negligent supervision, gross negligence, assault, false imprisonment, false arrest, and civil conspiracy.

12.     On the evening of April 15, 2014, at approximately 10:00 p.m., Plaintiffs David Tarrence and Tamara Geis were at their home located at 840 S. 39th St., Lincoln, Lancaster County, Nebraska when David Tarrence observed on a home security camera system monitor what appeared to be someone shining a flashlight in his backyard.  David Tarrence went outside to investigate and heard Inv. Gratz, Inv. Monico, and Sgt. Reynolds talking to each other to the north of his home.  David Tarrence shouted out to them, asking them what they were doing.  One of the officers then yelled at him that his brother Gary had said that he wanted them to come over to his house because he had personal property there.  Mr. Tarrence went back into his home through his attached garage.  As he was approaching the inner door between the garage and the kitchen area of the home, he heard one of the officers say "See, we've

got his driver's license."  As Mr. Tarrence attempted to open the inner door, which

swung outward toward him, he felt it getting pushed closed by one of the officers.  Mr.

Tarrence had called out to Tamara Geis through the open screen portion of the door as

he approached the door.  Tamara Geis got up out of a recliner in the living room and

approached the door from the kitchen side of the door and pushed it open as Mr.

Tarrence pulled it open and went into the kitchen area through the door.  Inv. Gratz

stepped into the kitchen area and showed them Gary Tarrence's drivers license,

repeating "See, we've got his driver's license."  Inv. Gratz then stepped past Tamara

Geis into the kitchen area and physically grabbed Mr. Tarrence's right arm.  Inv. Monico

came in behind Inv. Gratz and physically grabbed Mr. Tarrence's left arm.  Sgt.

Reynolds entered the kitchen are behind Inv. Monico.  Inv. Gratz again held up Gary

Tarrence's driver's license and said again that they had his driver's license and that he

(Gary Tarrence) had personal property there that he wanted them to come get.  Mr.

Tarrence told the officers that Gary Tarrence had nothing there and asked them if they

had a search warrant to be in his house.  Sgt. Reynolds replied that they did not, at

which point Mr. Tarrence demanded that they get out of his house.  Inv. Gratz and Inv.

Monico continued to physically restrain Mr. Tarrence for several minutes and Mr.

Tarrence continued to demand that they get out of his house.  Sgt. Reynolds then told

Mr. Tarrence "Well if you going to be that way, then we're just going to seize your

house."  The officers then forced Mr. Tarrence to get dressed and forced Mr. Tarrence

and Ms. Geis to leave their home.  All three officers went outside for several minutes,

then Inv. Gratz and Inv. Monico went back in for an extended period of time.  Mr.

Tarrence and Ms. Geis waited outside the home in a vehicle parked on the street for

nearly three hours before Inv. Gratz obtained a search warrant.  Inv. Gratz prepared an

affidavit for that search warrant asking for permission to search areas of the home and

for things that he had apparently already found during the extended period of time he

spent in the home shortly after 10:00 p.m. on April 15, 2014 before obtaining the

warrant, apparently because he had actually searched the home without first obtaining

a warrant.

13.     After obtaining a search warrant, the officers summoned the Lincoln Fire

Department to cut open a large Winchester gun safe.  Several carbon monoxide

detectors in the home apparently went off as they were doing this, because all of them

were found utterly destroyed, as if they were struck with police batons, as opposed to

taking the more logical step of removing the batteries.  When the officers and the

Lincoln Fire Department finally got the safe open, they found David Tarrence's and

Tamara Geis's life savings, $224,00.00 in U.S. currency, a large collection of coins,

including silver and golds pieces, a few guns, and ammunition for those guns, all of

which they seized.  As they were first able to view the contents of the safe when they

got it open, they erupted into chants of "fuck yo couch, fuck yo couch" repeatedly,

presumably a phrase from a Dave Chappelle comedy skit, an African-American

comedian's comedy skit where he lays back on a white couch with muddy boots and

expresses his displeasure with caucasian people by muddying up the white couch with

his muddy boots.

14.     The officers left the safe in the home for Mr. Tarrence and Ms. Geis to remove

on their own.  They left the home full of carbon monoxide and with an awful stench for

Mr. Tarrence, Ms. Geis and a minor child of theirs to return to in the middle of the night.

When the coins and guns were ultimately returned to them, some of the guns and coins were found to be damaged by the saw blade or blades used to open the safe. Some of the coins were outright missing, either lost or stolen while in police custody. On September 24, 2014, Inv. Gratz sought and obtained another search warrant to search trucks belonging to Local Movers, a company owned by Plaintiff David Tarrence. Those trucks were kept parked at 1900 Center Park Road, in Lincoln, Lancaster County, Nebraska. The affidavit for the search warrant prepared by Inv. Gratz said that on September 12, 2014 an anonymous Crimestopper tip was received that both Gary Tarrence and David Tarrence were "moving a lot of weed out of moving trucks for Local Movers." Inv. Grartz's affidavit for the warrant to search the trucks owned by Local Movers stated s canine was used to sniff for narcotics and supposedly alerted and indicated the presence of narcotics with regard to four of the six trucks and alerted to the presence of narcotics on the other two trucks, but no narcotics of any kind were found in any of the trucks when the search warrant was executed. There was some damage caused to the trucks during the search, and no Plaintiff has been charged with any crime in connection with the execution of the search warrant based on Inv. Gratz's affidavit.

15.     Neither David Tarrence nor Tamara Geis were ever charged with a crime resulting from either the search of their home or the trucks.

16.     Inv. Gratz did not have in his possession a search warrant when he conducted the initial search of the home shortly after seizing it and forcing the Plaintiffs to leave.

17.     Defendants Gratz, Monico and Reynolds had no adequate training regarding reasonable use of force, exigent circumstances justifying the seizure of a home without

a warrant, conducting searches without warrants, and in how to provide truthful information in an affidavit seeking a warrant.

18.     Defendant Morrow, as duty commander on the scene the evening of April 15, 2014, and the City of Lincoln were aware or should have been aware that the seizure of Mr. Tarrence's person, the seizure and subsequent search of the home without a warrant, the destruction of property during the execution of the warrant, and the subsequent seizure of property based on what they should they all should have know was an illegal search were violations of the civil rights of Mr. Tarrence and Ms. Geis that she or any of them in their individual capacities or the City of Lincoln in their official capacities could and should be liable for in damages.   Defendant Lincoln/Lancaster County Narcotics Task Force and Captain Christopher R. Peterson, as the supervisor of the task force, knew or should have known that the failure to promulgate and implement such procedures, policies, or customs caused the perpetuation of procedures, policies or customs leading directly to the violations of civil rights that were inflicted upon the Plaintiffs.

19.     Each of the Defendants, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Plaintiffs of their rights to freedom from illegal searches and seizure of their persons, papers, and effects and their rights to freedom from unlawful arrest, detention, and imprisonment.  All of these rights are secured to Plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. §§ 1983 and 1988.

20.     The Defendants Morrow and Peterson, Lancaster County, the City of Lincoln, and the Lincoln/Lancaster County Narcotics Task Force failed to adequately supervise

the Defendants, Gratz and Monico.

21.     At the time of the incidents alleged herein and before, Plaintiffs were emotionally and physically healthy, active, and fully capable of engaging in normal day-to-day activities  Since the time of the their false arrest and detention, and the unlawful search of their home and seizure of their property, the Plaintiffs' ability to perform and enjoy their usual activities, including family and work-related activities, has been impaired.  In addition, the Plaintiffs have suffered severe emotional distress and mental anguish affecting their psychological well-being.

22.     As a direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiffs sustained severe mental pain and suffering and injury in an amount that will be established at trial.

23      As a further direct and proximate result of the intentional and/or negligent acts of the Defendants, the Defendants destroyed and/or lost the Plaintiffs' personalty, to wit, a Winchester gun safe and certain valuable guns and coins in an amount that will be established at trial.

24.     As a further direct and proximate result of the intentional and/or negligent acts of the Defendants, the Defendants caused the Plaintiffs to lose the companionship of friends and neighbors, which has contributed to severe mental pain and suffering and injury in an amount that will be established at trial.

25      As a further direct and proximate result of the intentional and/or negligent acts of the Defendants, the Plaintiffs experienced acts of retaliation following a not guilty verdict in the federal conspiracy and forfeiture action trial against Gary Tarrence, which has contributed to severe mental pain and suffering and injury in an amount that will be

established at trial.

26.     Plaintiffs are entitled to compensation for the constitutional harms that the

Defendants inflicted upon them, including personal injury, loss of liberty, and loss of

property.

27.     Plaintiffs are entitled to compensation pursuant to the Nebraska Political

Subdivision Tort Claims Act; under Neb. Rev. Stat. §13-901 et seq., and under

Nebraska common law for intentional and/or negligent infliction of emotional distress,

conversion, loss of companionship, negligence, negligent supervision, gross

negligence, assault, false imprisonment, false arrest, and civil conspiracy. for harms

inflicted upon them by the Defendants.

## IV.  CAUSES OF ACTION

### COUNT I

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (General Allegations)

28.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in

paragraphs 1-27 of this Complaint.

29.     In committing the acts complained of herein, Defendants acted under color of

state law to deprive Plaintiffs of certain constitutionally protected rights under the

Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States

including, but not limited to:  a) the right to be free from unreasonable searches and

seizures; b) the right not to be deprived of liberty without due process of law; c) the right

not to be deprived of property without due process of law; d) the right to be free from

excessive use of force by persons acting under color of state law; e) the right to be free

from false arrest; and f) the right to just compensation for taking of property.

30.     In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless search, and seizure of Plaintiffs, in violation of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

31.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

32.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

### (Failure to Implement Appropriate Policies, Customs and Practices)

33.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

34.     Defendant Christopher R. Peterson, in his capacity as supervisor of the Lincoln/Lancaster County Narcotics Task Force in Lincoln, Lancaster County, Nebraska, and the Defendants, Lancaster County and City of Lincoln, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Lincoln/Lancaster County Narcotics Task Force to seize persons and/or homes without lawful justification.

35.     Defendant Christopher R. Peterson, in his capacity as supervisor of the Lincoln/Lancaster County Narcotics Task Force in Lincoln, Lancaster County, Nebraska, and the Defendants, Lancaster County and City of Lincoln, implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing employees of the Lincoln/Lancaster County Narcotics Task Force to conduct illegal searches of homes.

36.     The failure of the Defendant Christopher R. Peterson, in his capacity as supervisor of the Lincoln/Lancaster County Narcotics Task Force in Lincoln, Lancaster County, Nebraska, and the Defendants, Lancaster County and City of Lincoln, to adequately train and supervise the Defendants Gratz, Monico, Reynolds and Morrow amounts to deliberate indifference to the rights of the Plaintiffs to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

37.     The failure of the Defendant Christopher R. Peterson, in his capacity as supervisor of the Lincoln/Lancaster County Narcotics Task Force in Lincoln, Lancaster County, Nebraska, and the Defendants, Lancaster County and City of Lincoln,  to adequately train and supervise Defendants Gratz, Monico, Reynolds and Morrow amounts to deliberate indifference to the rights of the Plaintiffs to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

38.     As a result of this deliberate indifference to the Plaintiff's' rights, the Plaintiffs suffered personal injuries and loss the companionship and value of their friends and neighbors and are entitled to relief under 42 U.S.C. §1983.

39.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; and e) the right to just compensation for taking of property.

## COUNT III

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

**(Use of Excessive Force)**

40.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

41.     The Defendant Christopher R. Peterson, in his capacity as supervisor of the Lincoln/Lancaster County Narcotics Task Force in Lincoln, Lancaster County, Nebraska, and the Defendants, Lancaster County and City of Lincoln, has adopted policies, procedures, practices or customs within the Lincoln/Lancaster County Narcotics Task Force that allow, among other things, the use of excessive force when other more reasonable and less drastic methods are available.

42.     The actions of Lincoln/Lancaster County Narcotics Task Force amount to deliberate indifference to the rights of the Plaintiffs to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

43.     As a result of the deliberate indifference to the Plaintiff's rights by Lancaster

County, the City of Lincoln, and the Lincoln/Lancaster County Narcotics Task Force, and its agents, servants and employees, the Plaintiffs suffered serious personal injuries and loss of the value and companionship of their friends and neighbors, and are entitled to relief under 42 U.S.C. §1983

## COUNT IV

**Violation of Civil Rights Pursuant to 42 U.S.C. §1983**

**(False Arrest)**

44.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

45.     In committing the acts complained of herein, Defendants Gratz, Monico and Reynolds acted under color of state law by falsely arresting and detaining the Plaintiffs with no basis in fact or law to do so.   In violating Plaintiffs' right to be free from false arrest, the Defendants violated Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

46.     As a direct and proximate result of the violation of their constitutional right to be free from false arrest by the Defendants, Plaintiffs suffered serious personal injuries and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

## COUNT V

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

**(Deprivation of Property Without Due Process of Law)**

47.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

48.     Defendant Gratz, in concert with the other Defendants at the scene, intentionally violated the civil rights of the Plaintiffs by his malicious and wanton disregard for Plaintiffs' property rights.  The destruction and seizure of the property of Plaintiffs amounted to the deprivation of property in violation of the Fifth and Fourteenth Amendments.

49.     Defendant Hall and the other Defendants, either with the specific intent to violate the Plaintiffs' civil rights or with a reckless disregard of the probability of causing that violation, destroyed and seized the property of the Plaintiffs without a lawful reason which caused severe emotional distress to the Plaintiffs, and Plaintiffs are entitled to compensatory and punitive damages therefor.

## COUNT VI

### Nebraska Political Subdivision Tort Claims Act

### Pursuant to Neb. Rev. Stat. §13-901/Nebraska Common Law

### (False Imprisonment)

50.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

51.     Plaintiffs aver that the Defendants breached a duty of care owed to Plaintiffs, so as not to deprive them of their personal liberty, by intentionally restraining or detaining Plaintiffs without just cause and without mittimus from a court.

52.     Plaintiffs aver that the Defendants, without probable cause, wrongfully and unlawfully detained and restrained all of the Plaintiffs against their will through use of force.

53.     At no time during the detainment did Plaintiffs resist or attempt to resist the

Defendant officers, but were fully cooperating with the orders of the Defendants.

54.     Plaintiffs aver that the Defendants are liable to them for false imprisonment.

55.     As a direct and proximate result of the false imprisonment by the Defendants, Plaintiffs suffered serious personal injuries, emotional distress, and lost the companionship of therir friends and neighbors.

## COUNT VII

### Nebraska Political Subdivision Tort Claims Act

### Pursuant to Neb. Rev. Stat. §13-901/Nebraska Common Law

### (Negligence)

56.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

57.     Each Defendant owed Plaintiffs a duty to use due care at or about the times of the aforementioned incident.

58.     In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiffs as alleged herein.

## COUNT VIII

### Nebraska Political Subdivision Tort Claims Act

### Pursuant to Neb. Rev. Stat. §13-901/Nebraska Common Law

59.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

60.     Each Defendant owed Plaintiffs a duty to use due care at or about the time of the aforementioned incidents.

61.     Defendants Captain Christopher R. Stephenson, Lancaster County, the City of Lincoln, and the Lincoln/Lancaster County Narcotics Task Force negligently supervised Defendants Gratz, Monico, Reynolds and Morrow by failing to provide proper training and outline proper procedure in conducting searches and seizures.

62.     In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiffs as alleged herein.

## COUNT IX

### Nebraska Political Subdivision Tort Claims Act

### Pursuant to Neb. Rev. Stat. §13-901/Nebraska Common Law

### (Conspiracy)

63.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-27 of this Complaint.

64.     The Defendants present at the aforementioned incident subsequently participated in a common design through a concert of action to protect fellow officer, Gratz, by making overtly false statements in their reports regarding the circumstances surrounding the aforementioned incident.

65.     In committing the aforementioned acts, each Defendant directly and proximately injured, damaged, libeled, and caused emotional distress to the Plaintiffs herein.

## COUNT X

### Nebraska Common Law

### (Conversion)

66.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in

paragraphs 1-27 of this Complaint.

67     Defendants acted intentionally or in reckless disregard of probable

consequences in the exercise of dominion or control over Plaintiffs' personal property,

as described.

68.     In concert with the other Defendants at the scene, Officer Gratz unjustifiably

searched the home of the Plaintiffs without a warrant.

69.     The manner in which Defendants, specifically Officer Gratz, exercised such

dominion or control was both inconsistent with, and seriously interfered with, Plaintiffs'

rights as property owners to enjoy and/or control their personalty.

70.     As a direct and proximate result of one or more of Defendants' acts of

conversion and the injuries resulting from those acts, Plaintiffs lost the intrinsic value of

their property and suffered economic and non-economic damages.

## COUNT XI

### Nebraska Common Law

### (Assault)

71.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in

paragraphs 1-27 of this Complaint.

72.     Plaintiffs aver that the actions of the Defendants breached a duty of care owed to

Plaintiffs to not assault them or cause them physical harm or injury, except to the extent

allowed by law.

73.     Plaintiffs aver that the Defendants knowingly, wantonly, intentionally, and with

gross disregard for the rights of Plaintiffs, assaulted Plaintiff David Tarrence by

physically restraining him in his home after entering without a search warrant.

74.    As a direct and proximate result of the acts of the Defendants, Plaintiffs suffered mental injuries and are entitled to relief.

## PRAYERS FOR RELIEF

**WHEREFORE**, the above premises considered, Plaintiffs demand:

1.    That process issue to the Defendants and that they be required to answer in the time allowed by law.

2.    That judgment be rendered in favor of the Plaintiffs and against the Defendants on all causes of action asserted herein.

3.    That Plaintiffs be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for their physical and mental pain and suffering, both past and future; permanent injury and disability; loss of enjoyment of life; loss of their personalty, and medical and psychological expenses, both past and future.

4.    That Plaintiffs be awarded punitive damages against the Defendants.

5.    That Plaintiffs be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

6.    That the Plaintiffs receive any other further and general relief to which it may appear they are entitled.

7.    A jury for the trial of this matter.

DAVID TARRENCE AND TAMARA GEIS,
Plaintiffs.


By:    *s/Timothy P. Sullivan*
Timothy P. Sullivan
Bar No. 21883
SULLIVAN LAW

5000 Central Park Dr., Ste. 204
Lincoln, NE 68504
(402) 742-9170
Attorney for Plaintiffs